UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JARED PIERCE SANCHEZ

v.                                    Civil No. 1:25-cv-00075-LM-TSM

BROWN UNIVERSITY HEALTH, et al.

### REPORT AND RECOMMENDATION

Self-represented Plaintiff, Jared Pierce Sanchez, filed this suit against Brown University and its Medical School — where Mr. Sanchez is a student — and several other Defendants,[1] alleging discrimination, violations of his rights under the Civil Rights Act and the U.S. Constitution, and various forms of misconduct[2] related to seeking a religious exemption from COVID-19 vaccine mandates. Doc. No. 1. In connection with his lawsuit, he filed a motion to proceed in forma pauperis ("IFP") (Doc. No. 2), which this court denied. Endorsed Report and Recommendation, March 24, 2025. Mr. Sanchez appealed the court's denial of his motion for IFP status, Doc. No. 12, and now moves for IFP status on appeal. Doc. No. 13. The IFP Appeal motion

---

[1] Other defendants include Brown University Health, Care New England Health System, faculty members of Brown University, the Equal Employment Opportunity Commission, the Rhode Island Department of Health, former President Biden, Governor Dan McKee, the United States District Court for the District of Rhode Island, First Circuit Court of Appeals, United States Supreme Court, various federal agencies, and several attorneys and/or law firms. Doc. No. 1 at pgs. 2–3.

[2] For instance, Mr. Sanchez alleges that Defendants engaged in judicial misconduct, executive overreach, legal malpractice, or obstruction of justice; abused authority; created and enforced discriminatory policies; breached their contractual and academic obligations; caused intentional infliction of emotional distress; engaged in institutional discrimination; conspired to violate his civil rights; failed to uphold ethical and professional standards; failed to provide equal access to justice; facilitated discriminatory public health policies; failed to ensure religious exemptions; and enabled discriminatory educational and employment policies. Doc. No. 1 at pgs. 9–32.

was referred to the undersigned magistrate judge. For the reasons that follow, the district judge should deny Mr. Sanchez's motion for IFP status on appeal.

## BACKGROUND

Mr. Sanchez filed suit against Defendants on February 27, 2025. Doc. No. 1. At the same time, he filed a motion to proceed IFP. Doc. No. 2. Based on information provided in his affidavit (Doc. No. 2), the undersigned magistrate judge concluded that Mr. Sanchez had the ability to pay the $405.00 filing fee for his Complaint and recommended that the district judge deny his Motion to proceed IFP. See Endorsed Report and Recommendation, March 24, 2025; 28 U.S.C. § 1915(a)(1). Mr. Sanchez objected to that Report and Recommendation and stated he did "not seek to avoid" the court's initial filing fee, but expressed that the potential litigation costs were "financially prohibitive" and that he had been granted IFP status in another case. Doc. No. 8 at pg. 3. Mr. Sanchez also moved, in both his Objection and in a separate Motion, to recuse the undersigned magistrate judge and the district judge from further proceedings.[3] Doc. Nos. 8, 9.

The district judge approved this court's Report and Recommendation as to Mr. Sanchez's IFP Motion on April 28, 2025 (Doc. No. 10). Mr. Sanchez filed a motion to vacate (Doc. No. 11), which the district judge construed as a motion to reconsider both the denial of Mr. Sanchez's IFP status and the denial of the recusal motion. Endorsed Order, May 16, 2025. The district judge denied Mr. Sanchez's motion to reconsider those previous rulings. See Id.

On May 21, 2025, Mr. Sanchez appealed the order denying him IFP status. Doc. No. 12. In the same filing, Mr. Sanchez also requested that his appeal be transferred to a non-conflicted Circuit Court of Appeals or to Congress. Id. at 2. That same day, Mr. Sanchez filed two motions:

---

[3] Mr. Sanchez's Objection (Doc. No. 8) and Motion to Recuse (Doc. No. 9) are identical and the request to recuse in those documents was denied by the district judge on April 21, 2025.

2

(1) a motion to proceed IFP in his appeal ("IFP Appeal Motion") (Doc No. 13); and (2) a motion to transfer his appeal to a non-conflicted Circuit Court of Appeals or to Congress for review. Doc. No. 14.

## LEGAL STANDARD

A court may authorize an appeal "without prepayment of fees or security therefor," 28 U.S.C. § 1915(a)(1), when a litigant follows the procedural requirements of Fed. R. App. P. 24(a)(1) by submitting an affidavit to the district court that shows (A) "the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." The litigant's appeal must also be taken in good faith. 28 U.S.C. § 1915(a); see Coppedge v. United States, 369 U.S. 438, 445 (1962).

## DISCUSSION

### I. Ability to Pay

Mr. Sanchez has not demonstrated an inability to pay his appellate filing fees. Fed. R. App. P. 24(a)(1)(A). While one need not be "absolutely destitute" to proceed IFP, Adkins v. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), a cost barrier to filing a lawsuit discourages meritless claims. In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971). Therefore, a court must strike a balance between "fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). Delineating the level of poverty required of a litigant to qualify for IFP status is not an easy task, but generally, a litigant must be in such a state of poverty that prepaying the particular filing fee and costs of service would deprive them of "basic human needs." Id. at 851.

Mr. Sanchez states that he "may be able to pay one filing fee" on one occasion, but emphasizes that he cannot afford other costs of his appeal, including the cost of service; printing and shipping; viewing court documents submitted by Defendants; filing responses; and opposing attorney fees. Doc. No. 13-1 at pg. 4. However, IFP status does not mean that the court waives all costs of litigation. Rather, 28 U.S.C. § 1915 provides that a court may waive prepayment of its "own costs," but that it cannot order an "affirmative expenditure of funds." Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981); see, e.g., Manning v. Tefft, 839 F. Supp. 126, 129 (D.R.I. 1994) ("Directing that public funds be used to pay [transportation] expenses would constitute the kind of affirmative assistance to a civil litigant that has been held beyond the scope of § 1915."). The only costs that the court will consider in determining Mr. Sanchez's IFP status are the prepaid costs of his appeal, meaning the filing fee and the costs of service. See Diane K. v. Kijakazi, No. CV 22-215WES, 2022 WL 2713377, at *1 (D.R.I. July 13, 2022). Any other costs of Mr. Sanchez's appeal — including the cost of viewing court documents submitted by Defendants, filing responses, and opposing attorney fees — do not factor into the court's decision regarding his IFP status.

Mr. Sanchez also maintains that the court should grant him IFP status in this case because he was previously granted IFP status in another case. Doc. No. 13-1 at pg. 4; see Sanchez v. Brown Univ., et al., No. 1:23-cv-343-JJM-PAS. However, the fact that another court granted Mr. Sanchez IFP status in another case "has no bearing on whether or not he may proceed [IFP] in this case." Abreu v. Travers, No. 915CV0540MADATB, 2018 WL 10801614, at *2 (N.D.N.Y. June 12, 2018); see also 28 U.S.C. § 1915(a)(1).

In any event, Mr. Sanchez's financial circumstances have changed, and he has not shown an inability to pay his appellate fees. When determining whether a litigant can proceed without prepayment of costs associated with filing a complaint, the court "must take into account not only

4

the applicant's personal income but also [his] other financial resources." Diane K., 2022 WL 2713377, at *1 (citation and internal quotation omitted); 28 U.S.C. § 1915(a). In his prior case, Mr. Sanchez stated he was employed and earned $1,000.00 on a bi-weekly basis, had $3,000.00 in cash, a vehicle worth less than $4,000.00, and various monthly expenses totaling $1,196.00. Sanchez v. Brown Univ., et al., No. 1:23-cv-343-JJM-PAS, Doc. No. 2 at pgs. 1–3. By comparison, Mr. Sanchez's affidavit for his IFP Appeal Motion shows that, while he is not currently working and has monthly expenses of $2,209.18, he only stopped working in March 2025 and earned an average monthly income of $1,382.60 over the twelve months prior to filing his appeal. Doc. No. 13-1 at pgs. 1–2, 4. Moreover, and regardless of his employment status, Mr. Sanchez has $16,777.06 in cash and a vehicle worth $4,000.00. Id. at pgs. 2–3. According to Mr. Sanchez, "not all of" the $16,777.06 "is readily accessible or available for use in litigation" (Doc. No. 13 at pg. 1), but the funds available to him through cash or the value of his vehicle amount to $20,777.06. Doc. No. 13-1 at pg. 2. Those funds, even taking into account his monthly expenses of $2,209.18, far exceed the $605 appellate filing fee or any costs of service. First Circuit Rulebook, Local Rule at pg. 5; See, e.g., Merida v. Wall, No. CV 14-339S, 2015 WL 13729857, at *1 (D.R.I. Oct. 20, 2015) (concluding plaintiff had sufficient funds to proceed with his appeal without IFP status where his inmate statement showed he had a spending balance of $5,990.65 and an encumbered balance of $1,000), report and recommendation adopted, No. CV 14-339 S, 2016 WL 1464551 (D.R.I. Apr. 14, 2016). Therefore, Mr. Sanchez does not lack the ability to pay his appellate filing fees, and the district judge should deny Mr. Sanchez's IFP Appeal Motion for this reason alone.

## II.  Good Faith

Mr. Sanchez's IFP Appeal Motion should be denied for the additional reason that his appeal lacks merit as it was not taken in good faith. 28 U.S.C. § 1915(a); Miguel v. Wall, No. CV 15-

5

281ML, 2016 WL 11652896, at *1 (D.R.I. Feb. 16, 2016), report and recommendation adopted, No. CA 15-281 ML, 2016 WL 11652898 (D.R.I. Mar. 25, 2016). "Good faith for purposes of § 1915(a)(3) is judged by an objective standard; i.e., whether the litigant seeks appellate review of any issue not frivolous." Smith v. 6th Div. Dist. Ct., No. CV 22-131JJM, 2022 WL 2704210, at *1 (D.R.I. June 21, 2022) (internal quotations omitted) (quoting DuLaurence v. Telegen, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016)). "An appeal is deemed frivolous when it is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." Ausar v. Coyne-Fague, No. CV 22-150 WES, 2023 WL 5726382, at *2 (D.R.I. Aug. 9, 2023) (quoting Lyons v. Wall, No. CA 08-498 ML, 2010 WL 5562620, at *2 (D.R.I. Nov. 30, 2010), report and recommendation adopted, No. CA 08-498 ML, 2011 WL 87345 (D.R.I. Jan. 10, 2011)).

Construing his pleadings liberally, as the court is required to do, Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000), Mr. Sanchez contends that the court erred in denying his Motion to Proceed IFP in his Complaint because the court failed to recuse itself. Doc. No. 11 at pgs. 2–3. He also contends that the court failed to consider his financial hardship as a medical student and failed to consider the emotional distress he is experiencing. Id. at pg. 2. Mr. Sanchez further claims that the court's denial of IFP status precludes him from litigating his grievances. Id. at pgs. 2–3. Mr. Sanchez's appeal lacks merit.

A. Recusal

The district judge has already determined, through an Endorsed Order, that Mr. Sanchez failed to show the court's prior orders denying his request to recuse were based on manifest error of fact or law. Mr. Sanchez has not produced any evidence that shows those conclusions were in error. To the extent his request to recuse revolves around his dissatisfaction with the court's decision to deny his IFP status, "[d]issatisfaction with a judicial decision is not a basis for recusal."

Silva v. Rhode Island, No. 19-CV-568-JJM-PAS, 2021 WL 6063575, at *4 (D.R.I. Dec. 22, 2021) (alterations in original); see In re U.S., 441 F.3d 44, 67 (1st Cir. 2006) (discouraging disqualification based upon a disgruntled party's desire "to remove a judge whose rulings the party dislikes").

B. IFP Status for Complaint

Similar to the court's conclusion as to his appellate fees, Mr. Sanchez did not demonstrate his inability to pay the filing fees and costs associated with filing his Complaint. 28 U.S.C. § 1915(a). In his IFP Motion associated with his Complaint, Mr. Sanchez stated he had $19,936.86 available to him; a vehicle worth $4,000.00; investments worth $288.20; and was employed with an annual salary of $43,137.12, for which he was paid in bi-weekly payments of $1,659.12. Doc. No. 2 at pg. 1–2. For his monthly expenses, Mr. Sanchez disclosed monthly student loan payments of $278.18 and monthly rent payments of $200.00, totaling $478.18 per month. Id. at 2.[4] In other words, Mr. Sanchez had more money available to him, was employed, and had less monthly expenses when he filed his Complaint than when he filed his IFP Appeal Motion. Compare Doc. No. 13-1, with Doc. No. 2. Like his IFP Appeal Motion, Mr. Sanchez's income plus the assets available to him far exceeded his monthly expenses and, therefore, he was able to pay the costs associated with filing his Complaint.[5] Diane K., 2022 WL 2713377, at *2 (concluding plaintiff's

---

[4] Mr. Sanchez also listed two financial obligations — one with the Department of Education/"NELNET, FEDERAL LOAN SERVICER" in the amount of $107,388.39 and the other with Brown University in the amount of $3,668.00. Doc. No. 2 at pg. 3. It is not clear whether Mr. Sanchez has additional monthly loan payments for these financial obligations, in addition to the monthly loan payments described in this Report and Recommendation. Regardless, and for the reasons stated, Mr. Sanchez had sufficient funds to pay costs associated with filing his Complaint.

[5] Indeed, in his Objection to the court's Report and Recommendation denying IFP status, Mr. Sanchez states that he "does not seek to avoid the $402 [sic] filing fee," but then states he cannot

monthly household income less expenses was $1,315 and "more than sufficient to cover" the filing fee associated with the Complaint and the cost of service); Merida v. Nonnenmacher, No. CV 17-465 WES, 2018 WL 2113232, at *2 (D.R.I. May 8, 2018) (plaintiff did not qualify for IFP status with $8,000 in savings accounts and no annual income). Accordingly, the district judge should deny Mr. Sanchez's IFP Appeal Motion as it is based on "factual allegations that are clearly baseless." Ausar, 2023 WL 5726382, at *2.

## CONCLUSION

For all the reasons detailed herein, this court recommends that the district judge deny Mr. Sanchez's Motion for Leave to Appeal IFP. Doc. No. 13. If the district judge accepts this recommendation, Mr. Sanchez's Motion to Transfer his appeal to a non-conflicted Court of Appeals or to Congress (Doc. No. 14) should be denied as moot.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v.

---

afford the "follow up costs," including what he estimated to be over $1,000.00 for service costs, later filing fees, discovery fees and copies, "outside fees," attorneys' fees, PACER fees, and other costs of litigation. Doc. No. 8 at ¶ 7. Mr. Sanchez also stated he has been granted IFP status before, in Sanchez v. Brown Univ., et al., No. 1:23-cv-343-JJM-PAS. Doc. No. 8 at ¶ 9. As stated, the court will only consider whether Mr. Sanchez can pay the filing fee and service costs in this case. Diane K., 2022 WL 2713377, at *1. Even accepting Mr. Sanchez's calculation of service costs, plus the $405.00 filing fee, he has not shown an inability to pay those costs given the amount of funds available to him when he filed his Complaint, as explained in this Report and Recommendation.

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

                                                                      /s/ Talesha L. Saint-Marc
                                                                      Talesha L. Saint-Marc
                                                                      U.S. Magistrate Judge

June 27, 2025

cc:      Jared Pierce Sanchez, pro se